553 F.2d 557
 Craton LIDDELL, a minor, by Minnie Liddell, his mother and
next friend, et al., Appellees,
and
The Board of Education of the City of St. Louis, State of
Missouri, et al., Appellees,
v.
Earline CALDWELL, a minor, by Lillie Caldwell, her mother,
and next friend, et al., Appellants.
 No. 76-1228.
 United States Court of Appeals,
Eighth Circuit.
 Jan. 28, 1977.
 
 1
 This matter comes before the court on defendant's motion for stay of mandate pending petition for certiorari. The motion is denied and the mandate is ordered to be issued forthwith.
 
 
 2
 In order for the parties and the district court to fully understand the court's denial of the stay, we set forth our reasoning.
 
 
 3
 The only issue decided by this court, as specifically recited in the court's opinion filed December 13, 1976, related to the district court's order denying the petition for intervention. The consent decree requiring integration of the St. Louis School District[1] entered by the district court on the 24th of December 1975, was interlocutory in form. In paragraph 9 of the decree the district court expressly ordered that a further report be made to the court, "on or before January 15, 1977, with implementation to begin September 1977."
 
 
 4
 The intervenors limited their objections to the decree to the proposed overall remedy and made substantial allegations that the original plaintiffs were not adequately representing the class in obtaining constitutional relief from an admittedly segregated school system. This court allowed intervention to assure the plaintiff class adequate representation and to provide the district court with meaningful input from all parties to achieve a constitutional plan. The merits of the consent decree were not before this court.
 
 
 5
 This court views the consent decree, although interlocutory as to remedy, still obligatory on the respective parties to go forward with implementation of a desegregation plan; we assume that in doing so all of the parties will proceed in good faith to make "every effort to achieve the greatest possible degree of actual desegregation, taking into account the practicalities of the situation." Davis v. Board of School Comm'rs., 402 U.S. 33, 37, 91 S.Ct. 1289, 1292, 28 L.Ed.2d 577 (1971).
 
 
 6
 Under the decree, the parties have a constitutional obligation to proceed immediately to comply with the district court's order to prepare a plan for its approval and to implement that plan beginning in September 1977. A further stay at this time, particularly in view of the fact that the consent decree is still interlocutory, would simply delay further implementation of that plan and the achievement of equal educational opportunity for the plaintiff class in a non-discriminatory school district.
 
 
 7
 It is so ordered.
 
 
 
 [1]
 Paragraph 4 of the consent decree reads:
 
 
 [4]
 Defendants, their agents, officers, employees and successors, and all those in active concert and participation with them shall be enjoined and prohibited from discriminating on the basis of race or color in the operation of the School District of the City of St. Louis, and shall be required to take affirmative action to secure unto plaintiffs their right to attend racially nonsegregated and nondiscriminatory schools, and defendants will afford unto plaintiffs equal opportunities for an education in a nonsegregated and nondiscriminatory school district, and shall be required to take the affirmative action hereinafter set forth